**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

XAVIER REDUS
ADC #108610                                                                        PETITIONER


VS.                                   5:08CV00339 JLH/JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                      RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy

will be furnished to the opposing party. Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Xavier Redus.  (Docket entry #2.)  Respondent has filed a Motion to Dismiss, arguing that the Petition, filed on December 22, 2008, is untimely.  (Docket entry #5.)  Petitioner has filed a Response to the Motion to Dismiss.  (Docket entry #15.)  Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion to Dismiss, the Court will review the relevant procedural history of the case.  On June 28, 2005, Petitioner pleaded guilty in Pulaski County Circuit Court to nine counts of aggravated robbery and ten counts of theft of property.  (Docket entry #6, Ex. D.) Petitioner was sentenced, as a habitual offender, to 336 months of incarceration in the Arkansas Department of Correction.  *Id.*  Petitioner's Judgment and Commitment Order was entered on July 5,

2

2005. *Id.*

On August 17, 2005, Petitioner filed a "Motion to Vacate Judgment and Plea," arguing that

his lawyer and the prosecutor gave him "erroneous and misleading assumptions" that led him to

enter his plea.[1]  (Docket entry #6, Ex. I.)   On October 10, 2005, the Pulaski County Circuit Court

denied Petitioner's Motion, which it construed as a Rule 37 Petition.[2]  (Docket entry #6, Ex. F.)  The

trial court noted that Petitioner "reviewed his plea statement with the Court" and concluded that

Petitioner "knowingly, intelligently, and voluntarily entered his guilty plea[.]" *Id.*  Petitioner did not

file a Notice of Appeal of the trial court's October 10, 2005 Order.

Petitioner filed this federal habeas action on December 22, 2008.  (Docket entry #2.)   In his

habeas Petition, he argues that: (1) his guilty plea was coerced; (2) he is "actually innocent"; (3) the

prosecution failed to disclose exculpatory evidence; and (4) ineffective assistance of counsel.  In his

Motion to Dismiss, Respondent contends that Petitioner's claims: (1) are barred by the statute of

---

[1]Petitioner's August 17, 2005 "Motion to Vacate Judgment and Plea" is a preprinted form. On September 20, 2005, Petitioner filed a "Motion to Vacate Judgment and Plea" that was identical to the prior Motion, which was still pending at the time.  (Docket entry #6, Ex. E at 7.)

The Court also notes that the docket sheet in Petitioner's criminal case, Pulaski County Circuit Court No. CR 2005-000856, also contains entries for Petitioner's co-defendant, Torrez Lamont Bradley, whose case proceeded under the same case number.  Although the entries listed in the docket sheet do not always attribute a given filing to a particular defendant, the Court has reviewed the underlying documents, which are electronically available at http://www.pulaskiclerk.com/SearchChoice.html, and determined which filings are attributable to Petitioner.

[2]In his "Motion to Vacate Judgment and Plea," Petitioner cited both Rule 26.1 and Rule 37 of the Arkansas Rule of Criminal Procedure.  (Docket entry #6, Ex. I.)  Under Ark. R. Crim. P. 26.1(a), a plea may not be withdrawn after the entry of judgment. However, a postconviction motion filed pursuant to Rule 37 may be filed within 90 days after entry of a judgment from a guilty plea. Thus, Petitioner's Motion was untimely filed pursuant to Rule 26.1, but timely pursuant to Rule 37. *See also Swopes v. State*, 338 Ark. 217, 219, 992 S.W.2d 109, 110 (1999) (motion to withdraw guilty plea filed after the entry of judgment is properly construed as a motion for postconviction relief under Rule 37 rather than a motion to withdraw under Rule 26.1).

limitations; and (2) are in procedural default.

For the reasons explained below, the Court concludes that Petitioner's habeas claims are barred by the applicable statute of limitations. Thus, the Court recommends that Respondent's Motion to Dismiss be granted, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Under Arkansas law, Petitioner could not appeal his guilty plea. *See* Ark. R. Crim. P. – App. 1(a). Thus, for purposes of the AEDPA, Petitioner's conviction was "final" on July 5, 2005, the date his Judgment and Commitment Order was entered. From that date, Petitioner had one year, until July 5, 2006, in which to file this federal habeas action.

Petitioner initiated this action on December 22, 2008, over two years *after* the expiration of this one year statute.[3]   Accordingly, the federal habeas Petition was not timely filed under

---

[3]The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner within the AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a

§ 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Respondent acknowledges that Petitioner's August 17, 2005 "Motion to Vacate Judgment and Plea" was a "properly filed" motion for post-conviction relief for purposes of statutory tolling. During the pendency of this Motion, Petitioner is entitled to the following statutory tolling:

(1) July 5, 2005: One-year statute of limitations begins based on the entry of the Judgment and Commitment Order from Petitioner's guilty plea.

→   *43 days run against the statute of limitations*

(2) August 17, 2005: Petitioner files his ""Motion to Vacate Judgment and Plea" and statutory tolling begins. The Motion is denied on October 10, 2005. Thus, Petitioner is entitled to 55 days of tolling between those dates, in addition to 30 days of tolling in which he could have filed a notice of appeal from the denial of his Motion.[4]

→   *85 days of statutory tolling*

---

*pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

Petitioner signed the Petition on December 16, 2008. (Docket entry #2 at 3.) Even giving Petitioner the benefit of these six days available under the prison mailbox rule, his Petition is still untimely.

[4]For purposes of statutory tolling under the AEDPA, a "properly filed" postconviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002); Ark. R. App. P.— Crim. 2(a)(4) (notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

(3) November 10, 2005: The statute of limitations resumes.  Because 43 days had run against the limitations period, Petitioner had 322 days remaining to file a federal habeas Petition.  Petitioner did not file any more postconviction motions during this time frame.

→   *322 days run against the statute of limitations*

(4) September 28, 2006:  The statute of limitations expires.[5]

(5) December 22, 2008: Petitioner files his habeas Petition 816 days after the expiration of the statute of limitations.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable.  *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction."  *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that he is "actually innocent," a contention which may be relevant to equitable tolling. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts establishing innocence in a timely fashion or, at the very least, that a reasonably diligent petitioner

---

[5]On July 31, 2008, Petitioner filed a Motion to Vacate Judgment pursuant to Rule 60 of the Arkansas Rules of Civil Procedure.  On August 18, 2008, the trial court dismissed the Motion as untimely, and the Arkansas Supreme Court dismissed Petitioner's subsequent appeal because it was clear his claim had no merit.  *See Redus v. State*, 2009 WL 485317 (Ark. Feb. 26, 2009) (unpublished *per curiam*).

It is well-established that postconviction motions filed *after* the AEDPA limitations period have expired have no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

could not have discovered these facts in time to file a petition within the period of limitations). However, Petitioner, who pleaded guilty, has not come forward with any new relevant facts establishing his innocence, much less that Respondent prevented him from discovering any relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered the facts within the one-year limitations period.  Accordingly, equitable tolling does not apply in this case.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #5) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 10th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE